**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VILLA GLAS G.m.b.H.,**

        **Plaintiff,**

**-vs-**                                              **Case No. 6:06-cv-420-Orl-31DAB**

**EVERSTONE PTY. LTD., MIRAGE TILE, LLC, and RAFFI DESIGN, INC.,**

        **Defendants.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR DISCOVERY AND MOTION FOR EXTENSION OF TIME TO FILE RESPONSE/REPLY TO MOTION TO DISMISS (Doc. No. 58)
>
> **FILED:** August 14, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

As set forth in the papers, Plaintiff originally filed this action naming Raffi Jacobson, an individual doing business as Raffi Glass, as a defendant. Following the filing of a motion to dismiss for improper venue on Jacobson, Plaintiff amended the complaint, and named Raffi Design, Inc., a California corporation, as defendant, in Jacobson's stead. In response, Raffi Design filed a motion to dismiss (Doc. No. 53), asserting that this Court lacks personal jurisdiction over it, and that venue here is improper. Plaintiff files the instant motion in response, contending that counsel requires

limited jurisdictional discovery of the corporation and its principal (Jacobson), and Plaintiff seeks a 60 day extension of time to complete the discovery and respond to the motion to dismiss. The corporation opposes the motion, contending that Plaintiff's investigation into jurisdictional issues, as well as the identity of the correct defendant, should have been done *prior* to filing the Complaint, citing Rule 11, Federal Rules of Civil Procedure. As an alternative to denying the motion outright, the corporation seeks to require Plaintiff to post a bond to cover defense costs relating to the proposed discovery. Upon due consideration, the Court **grants** Plaintiff's motion, in part. Defendant's request for a bond is denied.

When personal jurisdiction is disputed, it is not unusual for courts to allow limited jurisdictional discovery, prior to ruling on a motion to dismiss. *See*, *e.g., In re Nazi Era Cases Against German Defendants Litigation*, 320 F.Supp.2d 204, 214 (D. N.J. 2004) (acknowledging plaintiffs' right to jurisdictional discovery if their allegations suggest that facts may exist to support exercise of personal jurisdiction); *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 672 (S.D. Cal.2001) (explaining that where pertinent facts bearing on jurisdictional question are in dispute, discovery should be permitted during pendency of motion to dismiss); *see also Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 731 (11th Cir.1982) (holding that district court erred by dismissing action for lack of subject matter jurisdiction without affording plaintiff opportunity to elicit discovery sufficient to support a determination on jurisdiction issue), *cf. Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n. 7 (11th Cir.1999) (plaintiff has qualified right to jurisdictional discovery if discovery is underway at the time court rules on motion to dismiss). Here, Plaintiff has set forth a colorable (although not necessarily persuasive) argument in favor of Plaintiff's jurisdictional allegations, albeit, one that requires evidentiary support. Although Defendant argues that Plaintiff

should not be allowed to proceed with discovery because counsel has allegedly run afoul of Rule 11, to the extent Defendant believes there to be a Rule 11 violation, Defendant must comply with the strict requirements for a motion asserting a violation of the Rule. Absent compliance with those requirements (including the safe harbor provision), the imposition of a sanction in the form of a bond is inappropriate.

Although the Court concludes that limited discovery is appropriate here, it sees no need for 60 days time in which to accomplish same. Plaintiff shall be allowed to take Defendant's deposition (telephonically, if desired) or propound interrogatories with respect to the jurisdictional issues. Defendant is directed to cooperate in the scheduling of same, so that the limited discovery shall be **completed** within twenty days from the date of this Order. Plaintiff shall file its response to the motion to dismiss no later than **September 29, 2006.**

**DONE** and **ORDERED** in Orlando, Florida on August 29, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record