**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VILLA GLAS G.m.b.H.,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No. 6:06-cv-420-Orl-31DAB**

**EVERSTONE PTY. LTD., MIRAGE TILE, LLC, and RAFFI DESIGN, INC.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO DISMISS FOR LACK OF JURISDICTION AND IMPROPER VENUE (Doc. No. 53)**
>
> **FILED:** July 19, 2006
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### *PROCEDURAL HISTORY*

On April 5, 2006, Plaintiff filed a Complaint for patent infringement against Defendants Everstone Pty. Ltd., PHI International LLC, and Raffi Jacobson, an individual, doing business as Raffi Glass (Doc. No. 1). An Amended Complaint, adding Mirage Tile, LLC as an additional Defendant, was filed April 19, 2006 (Doc. No. 10). Defendant Raffi Jacobson ("Jacobson") filed a motion to dismiss the Amended Complaint, asserting that pursuant to 28 U.S.C. § 1400(b), venue for a patent

infringement action against an individual only lies in (I) the judicial district where the individual resides or (ii) a judicial district where the individual has committed acts of infringement and has a regular and established place of business, and, in the instant case, neither provision applied (Doc. No. 21).[1] Plaintiff responded by moving for leave to file a Second Amended Complaint, dismissing Raffi Jacobson, individually, as a Defendant and substituting Raffi Design, Inc. d/b/a/ Raffi Glass (Doc. No. 40). The Court granted the motion for leave, and Plaintiff filed its Second Amended Complaint (Doc. Nos. 42, 47). Raffi Design, Inc. (herein "Raffi Design" or "the Corporation") was served (Doc. No. 52), and the instant motion to dismiss for lack of personal jurisdiction and improper venue was filed. Plaintiff sought and received an opportunity to conduct limited discovery with respect to the jurisdictional issues (Doc. No. 58, 60). Plaintiff has since completed the discovery and filed its response (Doc. No. 62), and the matter was referred to the undersigned United States Magistrate Judge for issuance of a report and recommendation. For the reasons set forth herein, it is **respectfully recommended** that the motion be **granted**, to the extent it seeks dismissal of the claim against the Corporation and that the case against the Raffi Defendants be transferred to the Central District of California where the claims and identification of the proper defendant(s) can be adjudicated. 28 U.S.C. § 1404(c).

### *FACTUAL BACKGROUND*

As set forth in the unverified Second Amended Complaint, "Raffi Design, Inc. is organized under the laws of California, [and] is doing business as Raffi Glass with a principal place of business . . . [in] Los Angeles, CA." (Doc. No. 47, Allegation 3). Venue is alleged to exist in this district in

---

[1] Mr. Jacobson asserted that he was a resident of California and, although he did attend a trade show in Florida (where he was served), he did not have a regular and established place of business in the state.

that "Raffi" has "committed acts of infringement in this district, and [has] been conducting business in this district" and because "Raffi" is alleged to be subject to personal jurisdiction in this district. (Doc. No. 47, Allegation 6). The Second Amended Complaint alleges that "on information and belief" "Raffi" has used, offered for sale, and/or sold within the United States and within this district, products which infringe Plaintiff's patents (Allegation 12), and that the infringing activities have caused harm and damage to Plaintiff (Allegation 16).

In a Declaration submitted with the Corporation's motion, Jacobson declares that he is the founder, registered agent, sole officer and sole director of Raffi Designs, Inc.; that it was incorporated in January 2005, and that the corporation has not conducted nor engaged in any business activity of any kind (Doc. No. 53-2). The Declaration states that Raffi Design is not licensed to conduct business in Florida; has no employees in Florida; has no agents or sales representatives in Florida; does not own or lease any property in Florida; does not have a mailing address in Florida; does not have a telephone or facsimile number in Florida; does not have an internet webpage; does not have any bank accounts in Florida; has not advertised or solicited business in Florida; has not manufactured, imported, used, offered for sale, or sold any product in Florida; has no assets in Florida; and has no registered agent in Florida. The Declaration states that Raffi Design is "an empty company which has yet to start conducting business" anywhere. *Id.* at paragraph 13. Jacobson declares that the Corporation has never done business as Raffi Glass; that *he personally* operates a business known as Raffi Glass in California; that he has attended trade shows on behalf of Raffi Glass in Florida; and that he has never attended trade shows or conducted any business in Florida on behalf of Raffi Design. *Id* at paragraphs 28-32.

Plaintiff has filed a transcript of a telephonic deposition of Mr. Jacobson (Doc. No. 62-2), in which Jacobson testified that Raffi Glass "belongs to me" (Deposition - p. 6). Jacobson testified that he did not know how a fictitious name form came to be filed in Los Angeles for Raffi Glass; did not know who the person listed as co-registrant was or why she also signed the form; and did not know how he was compensated by Raffi Glass (Deposition - pp.6-9, 14). Jacobson averred that "there is no relation" between Raffi Design and Raffi Glass; he is the sole owner of the shares of Raffi Design, and the Corporation has no employees, does no business and has no assets (Deposition- pp. 10, 17, 19). It was Raffi Glass that had a booth at the Florida trade show (Deposition - p. 20). Jacobson attends trade shows and hands out business cards which say "Raffi Jacobson" and "Raffi Glass" and provide Jacobson's California personal residence address and phone number (Deposition - p. 22).

Jacobson testified that he did not know the annual sales of Raffi Glass (p. 23); that Raffi Glass has customers in Florida (p. 24); that he did not know how the Tile Council of North America obtained the name Raffi Design, Inc. as a member (p. 27); and that "Raffi Jacobson, Raffi Glass" was the entity that appeared on the lease for the trade show booth (p. 30). When pressed, Jacobson stated that Raffi Glass has six customers in Florida, and about $10,000.00 in sales for the state, out of a gross estimate of a quarter of a million dollars in total sales (pp. 35 and 36).

## *STANDARDS OF LAW*

Where the Court does not conduct an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction,[2] the plaintiff must establish a *prima facie* case of jurisdiction over the defendant by presenting "sufficient evidence to defeat a motion for directed verdict." *Structural Panels v. Texas*

---

[2] Eleventh Circuit decisions indicate that an evidentiary hearing concerning personal jurisdiction is discretionary. *Mehlenbacher ex rel. Asconi Corp. v. Jitaru*, 2005 WL 4585859, *11 (M.D. Fla. June 6, 2005) (citing cases).

*Aluminum Industries*, 814 F.Supp. 1058, 1063 (M.D. Fla. 1993) *quoting Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). The Court must accept the facts alleged in plaintiff's complaint as true, to the extent that they are not contradicted by the defendant's affidavits. *Id.* at 855. Where there is conflicting evidence, the Court must construe all reasonable inferences in favor of the plaintiff. *Id.*

Where a defendant is not subject to general jurisdiction in the forum state, a district court may nonetheless exercise specific jurisdiction over a non-consenting defendant if the cause of action 'arises out of' or 'relates to' the defendant's in-state activity. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985). The determination of whether the Court has personal jurisdiction over a non-resident defendant requires a two-part analysis. *See Nida Corp. v. Nida*, 118 F. Supp.2d 1223, 1226-28 (M.D. Fla. 2000) (citing *Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 502 (Fla. 1989)). First, the Court must determine whether there is a basis for jurisdiction under Florida's long-arm statute, Florida Statute § 48.193. *See* FED. R. CIV. P. 4(e)(1), (h), and (k); *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 626-27 (11th Cir. 1996). Second, if the Court finds that personal jurisdiction exists under Florida's long-arm statute, the Court must consider whether the defendant's contacts with the state of Florida are sufficient to satisfy the due process clause of the Fourteenth Amendment such that maintenance of the suit in Florida does not offend "traditional notions of fair play and substantial justice." *See International Shoe Co. v. Washington,* 326 U.S. 310, 315-17 (1945); *Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F.2d 829, 855 (11th Cir. 1990); *Venetian Salami,* 554 So.2d at 502. If the requirements of both Florida's long-arm statute and the Due Process clause are satisfied, then the

Court may exercise personal jurisdiction over the non-resident. *See Madara v. Hall,* 916 F.2d 1510, 1516 (11th Cir. 1990).

### *ANALYSIS*

Plaintiff urges the Court to deny the motion as "Defendant has failed to carry its burden of proving that Raffi Design, Inc, a corporation owned by Jacobson, is not the true entity behind Raffi Glass" (Doc. No. 62 at 1). For several reasons, this contention is unpersuasive.

As set forth above, the burden of establishing personal jurisdiction is not placed upon Defendant, but rather upon Plaintiff. Although Plaintiff has alleged that the Corporation is doing business as Raffi Glass, the Court accepts that allegation as true only to the extent it is not contradicted by Defendant's evidence. *See Cable/Home Communication Corp.*, *supra,* 902 F.2d at 855. Here, Defendant has presented sworn evidence to the contrary. The Court, therefore, rejects Plaintiff's contention, and will analyze the motion pursuant to the appropriate standards of law.

As a non-resident corporation that is not registered to do business in the State of Florida, there is no basis for finding general jurisdiction over the Corporation in this forum. Thus, the Court applies the two-part analysis used to determine whether it can exercise specific jurisdiction over this non-consenting nonresident defendant.

**Long Arm Statute**

Plaintiff cites to the following provision of Florida's long-arm statute, as providing a basis for personal jurisdiction "over the entity acting as Raffi Glass":

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

\* \* \*

(b) Committing a tortious act within this state.

Fla. Stat. § 48.193(1)(b) (2005).

Plaintiff asserts that the Corporation (apparently through Raffi Glass) has committed a tortious act in Florida, as patent infringement is a tort within the meaning of the long arm statute, and that jurisdiction is therefore present. As support for this claim, Plaintiff relies on its allegation that the Corporation was "doing business as Raffi Glass" and contends that this allegation trumps the "mere general denials" contained in Jacobson's Declaration. Plaintiff has not made a sufficient showing that long arm jurisdiction is met under § 48.193(1)(b).

There is no evidence before this Court that the Corporation was doing business in its own name in the state of Florida, or anywhere else, for that matter. The uncontroverted evidence set forth in both the Declaration and the deposition establishes that the Corporation was incorporated in January 2005, but that it was and is an empty shell, with no assets, employees, contracts or business. Thus, there is no allegation or evidence that the Corporation acted on its own behalf in any manner whatsoever, let alone tortiously. Absent such, Plaintiff must establish that the Corporation acted "through an agent", *i.e*., Raffi Glass or Jacobson.

"In order to establish an agency relationship in Florida, a party must show: (1) acknowledgment by the principal that the agent will act for it; (2) the agent's acceptance of the undertaking; and (3) control by the principal over the actions of the agent. *MeterLogic, Inc. v. Copier Solutions, Inc.*, 126 F.Supp.2d 1346, 1354 (S.D. Fla. 2000) (internal citations omitted). Under Florida law, a principal's actions may give rise to apparent authority and agency. *Nida Corp., supra,* 118 F. Supp.2d at 1227, citing *Overseas Private Inv. Corp. v. Metropolitan Dade County*, 47 F.3d

1111, 1114 (11th Cir. 1995); *Borg-Warner Leasing v. Doyle Electric Company, Inc.*, 733 F.2d 833, 836 (11th Cir. 1984); *Ja Dan, Inc. v. L-J, Inc.*, 898 F.Supp. 894, 900 (S.D. Fla.1995). "The policy for this law is clear: "When one person acts for another who accepts the fruits of his efforts, the latter is deemed to have accepted the methods employed, and he may not, even though innocent, receive such benefits and at the same time disclaim responsibility for the means by which they were acquired."" *Overseas Private Inv. Corp., supra,* 47 F.3d at 1114, *quoting Standard Oil Co. v. Nickerson*, 103 Fla. 701, 138 So. 55 (Div. B. 1931). The determinative factor is the degree of control the principal has over the agent.

Here, of course, there is no evidence of agency, as there is no evidence, either explicit or implicit, that the alleged principal (the Corporation) appointed Jacobson d/b/a/ Raffi Glass to act as its agent with respect to Jacobson's activities at the trade show, and no evidence that either Jacobson or his fictitious name were controlled by the Corporation. In fact, *all* of the evidence is to the contrary. Jacobson testified in his deposition that there is no relationship between the Corporation and Raffi Glass; that he has never done business as Raffi Design; that he attended the trade show as Raffi Glass and handed out business cards with his name and that of Raffi Glass; that Raffi Glass had the lease for the booth at the trade show and that it was Raffi Glass that has made sales in Florida.[3] By comparison, Plaintiff points to only the unsworn, conclusory and tentative allegations of the Second Amended Complaint,[4] which offers no evidentiary basis to counter the Corporation's assertions. As a matter of law, agency cannot be supported on so thin a reed.

---

[3] The Court notes that these sworn assertions are more than a mere general denial of jurisdiction.

[4] As set forth above, the complaint pleads "on information and belief" that "Raffi" has committed an act of infringement and is subject to personal jurisdiction. As "Raffi" is not identified, and the complaint avers that Raffi Design, Inc. "is doing business as Raffi Glass," it is unclear if the allegations pertain to Raffi Glass or the Corporation.

Lacking any factual predicate for establishing an actual agency, Plaintiff next contends that the Court should, in essence, impute agency in that: 1) Jacobson had no or little knowledge as to the formalities of his businesses; and 2) Raffi Glass was not a fictitious name registered in Florida and, as such, activities under that name violate Florida law. The Court finds no basis in law to sustain these contentions.

While Plaintiff correctly notes that Jacobson was surprisingly ignorant of many important details of his business entities, such disregard of corporate formalities is arguably grounds to *pierce* the corporate veil, not create it. Here, Plaintiff does not seek to impose liability on the individual behind the corporation, but instead seeks to disregard the *individual* in favor of *corporate* liability. While it may be that Jacobson is the alter ego of the Corporation and as such, may be liable for certain *corporate* actions (upon an adequate showing), it does not follow that the Corporation is therefore the alter ego of *Jacobson,* liable for all acts he may commit. Plaintiff cites no authority for the novel proposition that, absent evidence of corporate authority establishing an actual or apparent agency, a corporation is liable for the personal torts of its shareholders. Indeed, the law is to the contrary. *See, e.g., Moecker v. Honeywell Intern., Inc.,* 144 F.Supp.2d 1291, 1312 (M.D. Fla. 2001) ("Agency law principles adopted by Florida courts are fairly uniform in holding that an employer is not liable for torts committed by its employees where the employee has acted outside the scope of his employment or has committed the tort to further some purpose of his own."); *United States v. One Parcel of Real Estate,* 852 F. Supp. 1013, 1040 (S.D. Fla. 1994) ("In the Eleventh Circuit, knowledge of an illegal act is imputed to the corporation only if the agent is acting within the scope of his employment and for the benefit of the employer [internal citations omitted]."). On this record, the disregard of corporate formalities does not serve to create corporate liability for the personal acts of an individual;

but rather, establishes only that Jacobson, and not the Corporation, is the appropriate defendant to this suit.

This conclusion is buttressed by Plaintiff's final contention: that failure to comply with Florida's fictitious name registration law somehow establishes personal jurisdiction over the Corporation. The Court does not disagree with Plaintiff's assertion that Fla. Stat. § 865.09 was "designed to provide notice to the public, and especially creditors, of the identities of persons who are doing business under fictitious names for the purpose of protecting creditors from fraud and deceit." (Doc. No. 62 at 6-7). However, even were the Court to credit in its entirety that Jacobson was obligated to register his fictitious name and that in failing to do so, he violated Florida law, this does not lead to the conclusion that the *Corporation* is responsible for that failure. As noted above, there is no evidence that the Corporation was doing business as Raffi Glass. The evidence conclusively establishes that it was Jacobson that was using the Raffi Glass name. Indeed, Plaintiff *knew* this, as the initial Complaint identified the defendant as Jacobson d/b/a Raffi Glass. The sole reason that Raffi Glass was dismissed and the Company substituted was not due to a fraudulent or deceitful misrepresentation as to the true identify of the defendant; it was because venue against Jacobson did not lie in this district. There is no evidence that Plaintiff was misled by the failure to register, and as the Corporation is not the owner of the fictitious name, the point is moot in any event. Absent any connection between the Corporation and Raffi Glass, public policy is not served by imputing liability to an entity unconnected with the alleged failure to register. The contention is without merit.[5]

---

[5] Moreover, there is no connection between the penalties provided for violation of the Florida statute (prohibiting the business from bringing suit in Florida until it registers and the award of attorney's fees necessitated by the noncomplying business) and the relief sought here. Fla. Stat. § 865.09(9).

As Plaintiff has failed to establish a basis for asserting long-arm jurisdiction over the Corporation, the Court need not proceed to the second prong of the analysis (due process). It is sufficient to note that there is no evidence on this record of *any* corporate contacts with the State of Florida, save for the contacts of Jacobson, which were undertaken in his individual capacity.

### *CONCLUSION AND RECOMMENDATION*

The Court concludes that the motion must be **granted** in that Plaintiff has not set forth a *prima facie* case establishing personal jurisdiction over the Corporation. As Plaintiff has dismissed its claim against Jacobson, and all but conceded that venue against Jacobson is not within this district, it is **respectfully recommended** that the motion to dismiss be **granted,** without prejudice to Plaintiff's pursuit of his claim against Jacobson in the appropriate forum. The case against the Raffi Defendants should be transferred to the Central District of California where the claims and identification of the proper defendant(s) can be adjudicated.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 13, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy