# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**VILLA GLAS G.m.b.H.,**

        **Plaintiff,**

-vs-                                                                     Case No.  6:06-cv-420-Orl-31DAB

**EVERSTONE PTY. LTD. and MIRAGE TILE, LLC,**

        **Defendants.**

_____

# ORDER

This matter comes before the Court on the Motion to Dismiss with Prejudice (Doc. 75) filed by the Plaintiff and the reply (Doc. 77) filed by the Defendants.  The instant motion presents the unusual scenario of a plaintiff trying to voluntarily (and permanently) abandon its claims while the defendants try to make the plaintiff continue suing them.

Rule 41(a) governs voluntary dismissals.  Rule 41(a)(2) specifies that

> [e]xcept as provided in paragraph (1) of this subdivision of this rule,[1] an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.  If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

---

[1] The first subdivision of Rule 41(a) permits a plaintiff to dismiss an action without a court order in one of two ways: first, by filing a notice of dismissal before the adverse party serves its answer or a motion for summary judgment or, second, by filing a stipulation of dismissal signed by all parties that have made an appearance. Fed.R.Civ.P. 41(a)(1).

The Defendants have filed an answer (Doc. 51) and will not stipulate to the dismissal. Thus the Plaintiff must proceed under Rule 41(a)(2) to obtain a voluntary dismissal. The Defendants have not asserted a counterclaim, and therefore they cannot block the dismissal on that basis. Thus, it is up to the Court to decide whether to permit the Plaintiff to dismiss this action, and to impose such terms and conditions as it deems proper. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394, 110 S.Ct. 2447, 2455, 110 L.Ed.2d 359 (1990).

**Although the United States Court of Appeals for the Eleventh Circuit has not addressed this issue in the context of a dismissal *with* prejudice, it has held that a voluntary dismissal *without* prejudice is not a matter of right. *Fisher v. Puerto Rico Marine Management, Inc.*, 940 F.2d 1502, 1502 (11th Cir. 1991). In most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit. *Id.* at 1502-03. However, the decision as to whether to grant a voluntary dismissal rests within the sound discretion of the district court and is reviewable only for an abuse of discretion. *Id.* at 1503.**

The Plaintiff contends that, because no counterclaim is pending and because it seeks dismissal with prejudice, it is entitled to dismissal as a matter of right. The United States Court of Appeals for the Eleventh Circuit has held that dismissal *without* prejudice is not a matter of right. *Fisher v. Puerto Rico Marine Management, Inc.*, 940 F.2d 1502, 1502 (11th Cir. 1991). The Eleventh Circuit has not addressed the issue of a dismissal *with* prejudice. But the case upon which the Plaintiff relies for this point – *Smoot v. Fox*, 340 F.2d 301, 302 (6th Cir. 1964) – does not stand for such a proposition. Rather, the *Smoot* court simply pointed out that "[n]o case has been cited to us, nor have we found one, where a plaintiff, upon his own motion, was denied the

right to dismiss his case with prejudice."  Since the *Smoot* decision issued, several courts have held that no such right exists, including the United States Court of Appeals for the Tenth Circuit. *See County of Santa Fe v. Public Service Co. of N.M.*, 311 F.3d 1031 (10th Cir. 2002) (finding that district court abused its discretion in granting plaintiff's motion to dismiss with prejudice).  The Court's research has uncovered only a few instances in which a plaintiff's motion for dismissal with prejudice has been denied.  In those cases, the courts have generally found that the dismissal would negatively affect third parties.  *See, e.g., County of Sante Fe* at 1048 (finding that dismissal with prejudice by plaintiff would immunize defendant from suit by intervenors) *and Atwood v. Pacific Maritime Ass'n*, 432 F.Supp. 491 (D.Or. 1977) (finding that voluntary dismissal with prejudice of claim against one defendant would be unfair to co-defendant).

The Defendants offer several bases for denying dismissal in this patent infringement case. They argue that dismissal with prejudice would not bar the Plaintiff from bringing suit based on continued or future sales of the accused product, and that they and their clients will face uncertainty as to their rights to buy and sell the product or their need to modify it to avoid infringement.  (Doc. 77 at 4).  Regardless of whether this is true as a legal proposition – and the Defendants have not provided any support for this contention – this is in essence an argument that the prospect of a second lawsuit justifies denying dismissal of this suit, an argument that the Eleventh Circuit has long rejected.  *See, e.g.*, *Fisher*, 940 F.2d at 1502-03 (stating that in most cases voluntary dismissal should be allowed "unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit").

The Defendants also argue that, in any future action, they will be barred from asserting two defenses – invalidity and unenforceability – that they have raised in the instant case.  (Doc. 77 at 4-

-3-

5). Loss of a defense would likely constitute sufficient legal prejudice to justify denial of a Rule 41(a) motion. However, aside from their naked assertion, the Defendants have made no showing that they will be stripped of any defenses they now possess, particularly in light of the fact that the claims they now face (and to which the defenses would apply) would be dismissed with prejudice.

Finally, Defendants argue that they should be reimbursed their reasonable fees and costs. The Defendants offer no legal support for the argument that such reimbursement is permitted, much less required, when the Plaintiff seeks to dismiss its claims with prejudice. Even if such fees and costs could constitute "prejudice," they are a consequence of the filing of the suit, not its dismissal.

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Motion to Dismiss with Prejudice (Doc. 75) filed by the Plaintiff, Villa Glas G.m.b.H., is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**. All pending motions are **DENIED AS MOOT**, and the Clerk is **DIRECTED** to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 23, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party