**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VILLI GLAS G.m.b.H.,**

        **Plaintiff,**

-vs-                                      Case No. 6:06-cv-420-Orl-31DAB

**EVERSTONE PTY. LTD., MIRAGE TILE,**
**LLC, and RAFFI DESIGN, INC.,**

        **Defendants.**

## ORDER

This matter comes before the Court on a Motion to Make Case Exceptional and for Leave to Submit Evidence in Support of Attorney (sic) Fees (Doc. 81) filed by Defendants Everstone Pty. Ltd. ("Everstone") and Mirage Tile, LLC ("Mirage") and a Motion to Retax Costs (Doc. 84) filed by Plaintiff Villi Glas G.m.b.H. ("Villi Glas").[1]

**I. Procedural History**

Plaintiff initiated this lawsuit on April 5, 2006. However Mirage did not become a party until Plaintiff filed its Amended Complaint on April 19, 2006. Plaintiff filed its Second Amended Complaint (Doc. 47) on June 19, 2006. On May 24, 2007, Plaintiff filed a Motion to Stay the Litigation, or alternatively, Motion to Dismiss Without Prejudice (Doc. 67). Defendants opposed this motion (Doc. 68) and this Court entered an Order denying it on June 6, 2007 (Doc. 69).

---

[1] Plaintiff's Response to the Motion to make Case Exceptional is filed at Doc. 85 and Defendants' Reply to that Response is filed at Doc. 90. Defendants' Response to the Motion to Retax Costs is filed at Doc. 86.

On June 27th, Defendants filed several motions to compel (Docs. 70-74) and two days later Plaintiff filed a Motion to Dismiss With Prejudice (Doc. 75). For reasons that this Court found irrelevant and without legal basis, Defendants opposed the dismissal without prejudice (Doc. 77). Thus, Plaintiff's Motion to Dismiss With Prejudice was granted by this Court on July 23, 2007. (Doc. 80).

## II. Analysis

*A) Defendants' Motion under 35 U.S.C. § 285*

Defendants argue that they are entitled to attorneys' fees because Plaintiff's suit was vexatious and frivolous. Defendants claim that Plaintiff knew its claims were without merit on April 19, 2006, and still continued the law suit. Defendants argue that they worked diligently to defend this law suit that "Plaintiff itself clearly did not want to pursue." (Doc. 81 at 7).

Defendants now ask this Court to deem this case "exceptional" under 35 U.S.C. § 285 ("§ 285").

> Per 35 U.S.C. § 285, a court has the discretion to award attorney's fees to a prevailing party in "exceptional" cases. Courts have held that the types of conduct necessary to label a case as "exceptional" includes "willful infringement, inequitable conduct before the Patent and Trademark Office, misconduct during litigation or unjustified litigation, and frivolous suit." *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989).

*PODS, Inc. v. Porta Stor, Inc.*, 2006 U.S. Dist. LEXIS 60318 at *2 (M.D. Fla. 2006).

A district court must find that a case is extraordinary by clear and convincing evidence. *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989).

This Court cannot determine whether Plaintiff's claims were meritorious, however, in light of the dismissal with prejudice, Defendants are clearly prevailing parties under § 285. However, this Court does not agree that this case is an "exceptional" one, requiring an award of attorneys' fees. First of all, Defendants never filed a motion to dismiss. If Plaintiff's claims were clearly without merit, it appears that Defendants could have brought that to the Court's attention. Second, Defendants opposed Plaintiff's attempts to dismiss this case both with and without prejudice. While the first opposition was meritorious, the second was completely frivolous. In light of this, Defendants certainly would not be entitled to attorneys fees for any actions taken after June 29, 2007, when plaintiff moved for dismissal with prejudice.

As stated above, the standard under § 285 is clear and convincing evidence. Defendants have failed to provide such evidence to establish that Plaintiff behaved in a vexatious or otherwise exceptional manner in this case. Therefore, Defendants' Motion (Doc. 81) will be denied.

*B) Plaintiff's Motion to Retax Costs*

Defendants filed their proposed bill of costs (Doc. 82) on August 6, 2007, requesting costs be taxed under 28 U.S.C. § 1920 ("§ 1920") in the amount of $8,059.74. Under § 1920, the following items may be taxed as costs:

   (1) Fees of the clerk and marshal;
   (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
   (3) Fees and disbursements for printing and witnesses;
   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
   (5) Docket fees under section 1923 of this title;
   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Defendants' bill of costs, however, contains several items that are not compensable under § 1920, such as: Postage/Courier/Express costs; LexisNexis Research costs and mileage and parking costs. These items total $1,152..69 and will not taxed.

Defendants also request reimbursement for service of Plaintiff's counsel, Kevin Guynn, and for preparation of three Letters Rogatory. Defendants state that no formal invoice for the costs of the Letters Rogatory was issued. Instead, Defendants submit a letter addressed to "Process Service Network" requesting the letters and stating that a check has been enclosed in the amount of $5,325.00. (Doc. 86-3) This Court has absolutely no basis to determine whether this fee is reasonable or not. Therefore, this cost cannot be taxed. Defendants also present no evidence of the reasonableness of the $120.00 spent to serve Plaintiff's counsel. Therefore, these costs, totaling $5,445.00, will not be taxed.

Finally, Defendants request reimbursement for "exemplification and copies of papers" in the amount of $1,462.05. These costs include copies of foreign and domestic patent file histories, and the translation of the foreign history. With regard to the domestic patent history, Plaintiff merely argues that $1.00 per page is excessive, and that a reasonable fee is 75 cents per page. However, there is no evidence that the fee of $1.00 per page (as quoted in the invoice) is excessive, and therefore the cost of $255.00 for this patent history was reasonable and necessary and will be taxed. With regard to the foreign patent history, Plaintiff argues that such history was not necessary, and merely investigative. However, this Court does not agree with that characterization. Defendants have submitted sufficient evidence that these costs, in the amount of $392 for printing and $782 for translation were reasonable and necessary and should be taxed. However, the costs for shipping and handling will not be taxed.

**III. Conclusion**

For the reasons stated herein, it is

**ORDERED** that Defendants' Motion to Make Case Exceptional (Doc. 81) is **DENIED** and Plaintiff's Motion to Retax Costs (Doc. 84) is **GRANTED**. The Clerk is directed to enter an Amended Cost Judgment in the amount of $1,429.00 in favor of Defendants Everstone and Mirage and against Plaintiff Villi Glas.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 5, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party